NO. 07-06-0295-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 26, 2007
_____

ANCELVO GILAELAMADRID-HOCK,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 226TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2005CR1764; HON. SID L. HARLE, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Ancelvo Gilaelamadrid-Hock was convicted of the offense of aggravated assault with a deadly weapon. He attempts, through four issues, to reverse his conviction by alleging that 1) he was denied his right to confront various witnesses, 2) the evidence was legally and factually insufficient to sustain his conviction, and 3) he received ineffective assistance of counsel. We affirm the judgment.

***Background***

The complainant, Antonio Trevino, who was 65 years of age, operated a laundromat in San Antonio. On May 16, 2004, around 6:00 or 6:30 p.m., Trevino observed appellant, who regularly washed clothing at the facility, using the telephone. Appellant and Trevino were the only ones in the establishment. Trevino was behind the counter reading a newspaper when he felt someone tap him on the back. He then observed appellant attempting to speak some garbled words. At that point, appellant stabbed Trevino in his left eye and nine times in the back.

Though Trevino did not know appellant's name, appellant's mother lived in the neighborhood. Her identity was discovered and that information was imparted to the police. This led to the eventual arrest of appellant after he fled to California.

***Issue 1 - Right of Confrontation***

Initially, appellant argues that he was denied his constitutional right to confront various individuals who provided information to Trevino about his identity. We overrule the issue because appellant failed to raise that ground at trial. Instead, he mentioned hearsay.[1] And, such a ground does not preserve error based upon the confrontation clause. *Paredes v. State,* 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).

***Issues 2 and 3 - Sufficiency of the Evidence***

In his next two issues, appellant challenges the legal and factual sufficiency of the evidence underlying his conviction. Purportedly, the evidence failed to identify him as the assailant. We overrule these issues as well.

---

[1]Most of the evidence of which appellant complains was not objected to at all.

2

The standards by which we review these challenges are set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Next, regarding the claim of legal sufficiency, we find of record evidence that 1) Trevino had seen appellant around his business since 2001 because appellant came to do laundry about once a week, 2) most days appellant caught a bus in front of the laundry, 3) Trevino saw appellant use the pay phone prior to the attack, 4) no one other than appellant and Trevino were in the laundromat at the time of the attack, 5) Trevino unequivocally identified appellant at trial as his assailant, and 6) Trevino selected appellant as his assailant from a photographic line-up prior to trial. This is some evidence, if credited, upon which a rational jury could conclude beyond reasonable doubt that appellant committed the assault.

As to the claim of factual insufficiency, there does exist of record evidence that Trevino had memory problems, purportedly failed to see his attacker, and uttered inconsistent versions of what occurred. So too is there evidence that the physical description he gave of his assailant only matched appellant in part. However, Trevino was unwavering in his identification of appellant as the one who attacked him, and the factfinder (*i.e.* the trial court) was free to believe him and discredit the contrary evidence. And, that appellant fled the state upon discovering that the authorities were searching for him, that appellant was the only other person in the laundromat at the time of attack, and that Trevino had seen appellant many times before the attack were other factors which the factfinder could have weighed in reaching the conclusion it did. Given this, we cannot say that the finding of guilt was or is so against the great weight of the evidence as to

3

undermine our confidence in the outcome. Thus, the evidence is both legally and factually sufficient.

### Issue 4 - Ineffective Assistance of Counsel

Finally, appellant argues he received ineffective assistance because his counsel failed to object to evidence of extraneous offenses, failed to object to hearsay, failed to develop a defense, failed to comply with the rules regarding impeachment of a witness, and failed to properly present a motion for new trial.[2] The issue is overruled.

To prevail on a claim of ineffective assistance, the complaining party must show not only that his counsel's performance fell below an objectively reasonable standard but that he was prejudiced by that deficiency. *Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Furthermore, to be prejudicial, the record must show that there exists a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

We note that aside from a few conclusory allusions to harm and "inherent problems with the complainant's testimony," appellant did not attempt to substantively address or develop how there existed a reasonable probability that the result would have differed had the supposed deficiencies not occurred. And, while we may speculate on the matter, the task is not ours to perform for him. Thus, he did not carry the burden imposed upon him by *Bone*. *See Ladd v. State,* 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) (stating that the

---

[2]To the extent that appellant has raised other areas in which he believes that his counsel's performance was deficient, he has failed to adequately brief those complaints. *See* TEX. R. APP. P. 38.1(h) (requiring a brief to contain clear and concise argument for the contentions made with appropriate citations to authorities and to the record). For example, while appellant complains of the failure to object to bolstering and cites to authorities on bolstering, he fails to identify for us the exact statements that purportedly constituted bolstering. Thus, those complaints were waived due to inadequate briefing.

failure to prove the prejudice prong bars relief); *see also Ex parte McFarland,* 163 S.W.3d 743, 756 (Tex. Crim. App. 2005) (holding that because appellant failed to address how the result would have probably differed, he did not establish that he was entitled to reversal due to counsel's purported ineffectiveness).

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.